**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 1 5 2022

**JUDGE CHARLES R. NORGLE**
U.S. District Court Judge

UNITED STATES OF AMERICA

v.

WILLIAM WOBER

No. 21 CR 671

Judge Charles R. Norgle

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant WILLIAM WOBER, and his attorney, JOSHUA ADAMS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.    The indictment in this case charges defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a).

3.    Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with bank robbery, in violation of

Title 18, United States Code, Section 2113(a). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about October 30, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant WILLIAM WOBER, by intimidation, took from the person and presence of bank employees approximately $1,000 in United States currency belonging to, and in the care, custody, control, management, and possession of the Chase Bank located at 5715 North Broadway in Chicago, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a).

Specifically, on or about October 30, 2021, at approximately 2:30 p.m., WOBER walked into the Chase Bank located at 5715 North Broadway in Chicago, Illinois. WOBER approached a teller and provided the teller with a withdrawal slip on which WOBER had written, "$1000 CASH NOW!! I HAVE GUN." After the teller withdrew $1,000 and provided it to WOBER, WOBER left the bank. Prior to his arrest later that afternoon, WOBER spent $300 of the stolen money. The remaining $700 on

WOBER's person at the time of his arrest was money WOBER had stolen from the Chase Bank.

WOBER acknowledges that at the time of the robbery, the Chase Bank's deposits were insured by the Federal Deposit Insurance Corporation.

### Maximum Statutory Penalties

7.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

        a.      A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

        b.      Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

        c.      Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8.      Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and

3

circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b.      **Offense Level Calculations**.

i.      The base offense level is 20, pursuant to Guideline § 2B3.1(a).

ii.      Pursuant to Guideline § 2B3.1(b)(1), the base offense level is increased by 2 levels because the property of a financial institution was taken.

4

       iii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

       iv.    In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

       c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 8 and defendant's criminal history category is IV:

       i.    On or about October 13, 1987, defendant was convicted of theft in the Circuit Court of Will County, Illinois, and sentenced to a $120 fine.

Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

ii.      On or about May 13, 1988, defendant was convicted of retail theft in the Circuit Court of DuPage County, Illinois, and sentenced to one year of probation. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

iii.      On or about October 20, 1988, defendant was convicted of retail theft in the Circuit Court of Will County, Illinois, and sentenced to one year of conditional discharge. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

iv.      On or about October 31, 1988, defendant was convicted of retail theft in the Circuit Court of DuPage County, Illinois, and sentenced to 90 days of imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

v.      On or about December 12, 1988, defendant was convicted of retail theft in the Circuit Court of Cook County, Illinois, and sentenced to one year of conditional discharge. On or about May 31, 1989, defendant's conditional discharge was terminated unsatisfactorily and defendant was sentenced to six months' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

6

vi.     On or about May 31, 1989, defendant was convicted of retail theft in the Circuit Court of DuPage County, Illinois, and sentenced to six months' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

vii.    On or about May 14, 1991, defendant was convicted of burglary in the Circuit Court of DeKalb County, Illinois, and sentenced to four years' imprisonment. Pursuant to Guideline § 4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

viii.   On or about June 13, 1991, defendant was convicted of retail theft in the Circuit Court of DuPage County, Illinois, and sentenced to three years' imprisonment. Pursuant to Guideline § 4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

ix.     On or about July 29, 1991, defendant was convicted of burglary in the Circuit Court of DuPage County, Illinois, and sentenced to three years' imprisonment. Pursuant to Guideline § 4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

x.      On or about January 26, 1994, defendant was convicted of attempted obstruction of justice in the Circuit Court of DuPage County, Illinois, and sentenced to 24 days of imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

7

xi.     On or about July 26, 1994, defendant was convicted of retail theft and obstruction of justice in the Circuit Court of DuPage County, Illinois, and sentenced to four years and six months' imprisonment. Pursuant to Guideline § 4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

xii.     On or about April 24, 1995, defendant was convicted of possession of a controlled substance in the Circuit Court of Will County and sentenced to four years and six months' imprisonment. Pursuant to Guideline § 4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

xiii.     On or about December 19, 1997, defendant was convicted of possession of cannabis in the Circuit Court of DuPage County and sentenced to 50 days' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

xiv.     On or about December 21, 1998, defendant was convicted of resisting a peace officer in the Circuit Court of DuPage County and sentenced to 364 days' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

xv.     On or about February 23, 1999, defendant was convicted of driving on a suspended or revoked license in the Circuit Court of DuPage County and sentenced to 4 months' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

8

xvi.     On or about February 23, 1999, defendant was convicted of marijuana possession in the Circuit Court of DuPage County and sentenced to 30 days' imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

xvii.     On or about September 10, 2003, defendant was convicted of possession of a controlled substance in the Circuit Court of Will County, Illinois, and sentenced to 2 years' imprisonment. Pursuant to Guideline § 4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

xviii.     On or about December 13, 2006, defendant was convicted of misuse of a credit card in the Circuit Court of Will County, Illinois, and sentenced to 6 years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this conviction.

xix.     On or about June 29, 2007, defendant was convicted of driving a vehicle involved in an accident resulting in personal injury to or death of any person and failing to stop at the scene of the accident in the Circuit Court of Will County, Illinois, and sentenced to one year of imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

xx.     On or about June 29, 2007, defendant was convicted of driving under the influence with either a person under the age of 16 in the vehicle or with a blood alcohol concentration of 0.16 or more  in the Circuit Court of Will County,

Illinois, and sentenced to one year of imprisonment. Pursuant to Guideline § 4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

xxi.      On or about March 24, 2014, defendant was convicted of resisting a peace officer in the Circuit Court of Will County, Illinois, and sentenced to 24 months of conditional discharge. On or about November 2, 2015, defendant's conditional discharge was terminated unsatisfactorily and defendant was sentenced to two days of imprisonment. Pursuant to Guideline § 4A1.1(c) and Guideline § 4A1.2(c)(1), defendant receives 1 criminal history point for this conviction.

xxii.      On or about November 2, 2015, defendant was convicted of cruelty to animals in the Circuit Court of Will County, Illinois, and sentenced to 24 months of conditional discharge. The conviction was based on an arrest that occurred on August 17, 2015. On or about October 30, 2017, defendant's conditional discharge was terminated unsatisfactorily and defendant was sentenced to 72 days of imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives 2 criminal history points for this conviction.

xxiii.      On or about November 2, 2015, defendant was convicted of domestic battery and resisting a peace officer in the Circuit Court of Will County, Illinois, and sentenced to two terms of 182 days of imprisonment, to run concurrently. Both convictions were based on a single arrest that occurred on September 1, 2015. Pursuant to Guideline § 4A1.1(b), defendant receives 2 criminal history points for these convictions.

10

d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 19, which, when combined with the anticipated criminal history category of IV, results in an anticipated advisory sentencing guidelines range of 46 to 57 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The

parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Regarding restitution, defendant acknowledges that the total amount of restitution owed to Chase Bank is $1,000, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing.

14. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the

12

United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

### Forfeiture

17.     Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense.

18.     Defendant agrees to forfeiture of the following specific property to the United States: $700 in United States currency seized from defendant on or about October 30, 2021. In doing so, defendant admits that the property described above represents proceeds defendant obtained as a result of the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of

13

the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

19.    Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment. In this case, however, the United States Attorney's Office will recommend to the Attorney General that any net proceeds derived from any forfeited assets be remitted or restored to eligible victims of the offense pursuant to Title 18, United States Code, Section 981(e), Title 28, Code of Federal Regulations, Part 9, and other applicable law.

20.    Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21 CR 671.

14

22.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

23.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove

15

prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

        iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii. With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

24. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

25. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the

17

nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

26.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

27.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy

18

of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

28.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

29.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

30.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

31.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this

19

Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

32.    Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

33.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

34.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _8/15/2022_

ERIKA
CSICSILA
Digitally signed by
ERIKA CSICSILA
Date: 2022.06.05
18:35:38 -05'00'

_____
Erika L. Csicsila on behalf of
JOHN R. LAUSCH, JR.
United States Attorney

_____
PATRICK MOTT
Assistant U.S. Attorney

_____
WILLIAM WOBER
Defendant

_____
JOSHUA ADAMS
Attorney for Defendant

21